NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30191 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00017-BMM-1 |
| v. | |
| SEIVERT DAYDRILL RUNNING CRANE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 16, 2017[**]
Seattle, Washington

Before: BYBEE and M. SMITH, Circuit Judges, and DORSEY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Defendant-Appellant Seivert Daydrill Running Crane (Running Crane) appeals his conviction for assault resulting in serious bodily injury and aiding and abetting the same in violation of 18 U.S.C. §§ 1153(a), 113(a)(6), and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Running Crane contends that the district court abused its discretion by admitting Officer Salois's rebuttal testimony. *See United States v. Antonakeas*, 255 F.3d 714, 724 (9th Cir. 2001) ("Admission of rebuttal evidence is reviewed for abuse of discretion."). Running Crane insists that Salois's testimony was "inadmissible impeachment evidence by contradiction" because Running Crane's counsel never asked him about his hands on direct examination. Running Crane's argument is not convincing.

"[T]he concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence." *United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999). "The district court has broad discretion over whether to admit extrinsic evidence to rebut a witness'[s] *direct* testimony[.]" *United States v. Chu*, 5 F.3d 1244, 1249 (9th Cir. 1993) (emphasis added). Here, Running Crane testified on direct examination that he did not punch the victim or harm him in any way. The government's rebuttal witness testified that she saw fresh abrasions, redness, and slight swelling on Running Crane's knuckles, which tended to contradict Running Crane's statement

that he did not punch C.R.  Given the district court's wide latitude to "admit extrinsic evidence to rebut a witness's direct testimony," *id.*, the district court's decision to admit this evidence was not an abuse of discretion.[1]

**AFFIRMED.**

---

[1] Though Running Crane failed to raise the issue in his brief—and has therefore waived it—the district court properly admitted Salois's testimony under Federal Rule of Evidence 403.  The officer's statements were highly probative because they tended to contradict Running Crane's testimony regarding the central issue in this case—the extent to which Running Crane was directly involved in the assault on C.R.  The district court was also careful to avoid unfair prejudice.  In ruling on the objection, it circumscribed the scope of Salois's testimony.  In short, the district court did not abuse its discretion by concluding that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice.